# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5808 | **DATE** | 10/17/2003 |
| **CASE TITLE** | | Dowe vs. National Railroad | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] The Court denies defendant's motion to dismiss (51-1). The order of 9/19/02 is vacated to the extent it requires the joinder of additional defendants. Amtrak is granted leave to file, by 10/24/03, an amended third party complaint adding Illinois Central as a contribution defendant. The ruling date of 10/27/03 is vacated, and the case is set for a status hearing on 10/30/03 at 9:30 a.m. to address the structuring of exemplar trials for the previously set trial date of 5/3/04.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | OCT 21 2003 | |
| | Notified counsel by telephone. | | | date docketed | |
| ✓ | Docketing to mail notices. | | | | 55 |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | | |
| OR | courtroom deputy's initials | | | date mailed notice | |
| | | Date/time received in Central Clerk's Office | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**
**OCT 2 1 2003**

| | |
|---|---|
| DEBRA DOWE, Independent Administrator of the Estate of Sheena Dowe, et al., )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>NATIONAL RAILROAD PASSENGER CORP., d/b/a Amtrak, )<br>)<br>Defendant. ) | Case No. 01 C 5808 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

This case concerns the collision of an Amtrak passenger train with a truck at a railroad crossing in Bourbonnais, Illinois on March 15, 1999, resulting in the loss of many passengers' lives and injuries to a number of others. The plaintiffs are some 60 persons who represent the estates of the deceased persons or who claim to have been injured themselves. In this case, they have sued only Amtrak, making federal jurisdiction proper pursuant to 28 U.S.C. §1331 & 1349, as the federal government owns more than 50% of Amtrak's stock. Amtrak, in turn, has filed third party claims for contribution against several other persons and entities. The plaintiffs in this case (and evidently some others who are not plaintiffs here) have sued these same persons and entities, and others, in state court. In their state court actions, the plaintiffs did not name Amtrak as a defendant, preferring to proceed in state court against all defendants except the one (Amtrak) that is entitled to a federal forum. The state court defendants, in turn, have filed third party contribution claims against Amtrak and cross-claims for contribution against each other.

Amtrak moved before Judge Norgle, who was initially responsible for the federal case, to compel the joinder of the state court defendants as defendants in the federal case, on the grounds that they were necessary parties under Federal Rule of Civil Procedure 19(a). (At that point in time, Amtrak had not yet filed its third party contribution claims.) Amtrak argued that if joinder of the other parties as defendants was not required, the plaintiffs would be unable to obtain complete relief, Amtrak and other potential defendants would face a risk of inconsistent or multiple obligations, and duplicative litigation would take place, wasting the parties' and judicial resources. The plaintiffs opposed joinder and also sought a stay of the federal case under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), pending resolution of the state court litigation.

On September 19, 2002, Judge Norgle granted Amtrak's motion for joinder and denied plaintiffs' motion for stay. The plaintiffs moved for reconsideration or alternatively for certification of Judge Norgle's order for immediate appeal under 28 U.S.C. §1292(b). Among other things, they argued (but, as best as we can tell, only in their reply brief) that if Amtrak wanted the other parties in the federal case, it could bring them in as third party defendants via claims for contribution. In April 2003, after the motion had been fully briefed, Judge Norgle ordered Amtrak to file a surreply addressing the issues raised in plaintiffs' reply brief. Amtrak's surreply emphasized the purported risk of inconsistent obligations and verdicts; it directly addressed the issue of third party claims only in a footnote in which it argued that even if contribution claims were made, the risk of inconsistent determinations would exist and that it was therefore important for the other parties to be joined as direct defendants, not just as third party defendants.

2

At some point after it filed the surreply, Amtrak sought and obtained leave to file third party claims against some, but not all, of the state court defendants – it left out Illinois Central, which as it turns out is represented by the same law firm that represents Amtrak. In the interim, the case was reassigned to Judge Lindberg. On August 21, 2003, Judge Lindberg entered a brief order denying the plaintiffs' motion to reconsider the ruling requiring joinder. His reasoning on that point was as follows:

> The persons whose joinder plaintiffs argue the court should not compel them to join have been joined as parties by defendant. The issue of whether these persons should be ordered joined as parties is therefore moot.

Order of Aug. 21, 2003.

In early September 2003, the case was reassigned to this Court's docket after Amtrak made a motion, which plaintiffs did not oppose, seeking a finding that the case was related within the meaning of N.D. Ill. Local Rule 40.4 to *Wilson-McCray v. Stokes*, Case No. 01 C 1929, an action pending on this Court's docket arising from the same collision (the plaintiff in *Wilson-McCray* has sued both Amtrak and the other allegedly responsible defendants).

Following the reassignment, Amtrak moved to dismiss the plaintiffs' claims unless within ten days they joined the state court defendants – Melco Transfer, Inc., John Stokes, Birmingham Steel, and Illinois Central – as defendants in this case. Amtrak takes the position that Judge Lindberg's denial of the plaintiffs' motion for reconsideration left intact Judge Norgle's order requiring joinder. Plaintiffs oppose Amtrak's motion, arguing that the grounds stated by Judge Lindberg for denying reconsideration indicated not an agreement with Judge Norgle's order requiring joinder, but rather a determination that joinder was no longer necessary in light of the third party claims made by Amtrak.

3

In this regard, both parties have it at least partly right. The language used by Judge Lindberg in denying reconsideration suggests that he believed that the reason for joinder had been obviated by the addition of other parties as third party defendants – though his rationale for reaching such a conclusion was not provided. On the other hand, Judge Lindberg denied the plaintiffs' motion for reconsideration, and strictly speaking the effect of that was to leave intact the order that plaintiffs asked the court to reconsider, namely the order requiring joinder.

The parties' procedural confusion also impacts the present motion to dismiss. In their briefs on that motion, and in oral argument, both sides have essentially re-argued the merits of the originally presented joinder issue. Even though neither side formally requests reconsideration of either Judge Norgle's or Judge Lindberg's rulings, that is effectively what they seek: plaintiffs argue that requiring joinder contravenes a decision by the Supreme Court, *Temple v. Synthes Corp.*, 498 U.S. 5 (1990) – an argument that Judge Norgle's decision was wrong to begin with – and Amtrak argues that the addition of the third party claims does not solve the problem that it believes required joinder in the first place – an argument that Judge Lindberg's reasoning was wrong. Rather than beating around the bush, and because the orders in question are non-final orders which are subject to reconsideration by this Court at any time, we revisit the matter afresh.

Rule 19(a) provides that with certain exceptions not applicable here, a person "shall be joined as a party" if either of two conditions exists:

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

4

Fed. R. Civ. P. 19(a). Rule 19(b) provides that if a person described in Rule 19(a) cannot be made a party, the court must determine whether the case should be dismissed on the grounds that the absent person is "indispensable," considering several enumerated factors: the extent to which a judgment entered in the person's absence might prejudice him or those who are party to the suit; the extent to which such prejudice can be avoided by taking protective measures; whether a judgment in the person's absence will be adequate; and whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. Fed. R. Civ. P. 19(b).

*Temple v. Synthes Corp.* teaches, among other things, that the determination under Rule 19(a) of whether a party is a "necessary" party does not involve consideration of "the public interest in limiting multiple litigation," an issue appropriately addressed as part of the Rule 19(b) analysis that is reached only if the predicate for joinder under Rule 19(a) is met. *Temple*, 498 U.S. at 7-8. For that reason, we concern ourselves initially only with the question whether the state court defendants, claimed to be joint tortfeasors along with Amtrak, are necessary parties in the federal suit against Amtrak.

*Temple*, a case which arose in Louisiana, reaffirmed the long-established principle that "it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." *Id.* at 7, citing *Lawlor v. National Screen Service Corp.*, 349 U.S. 322, 329-30 (1955) and *Bigelow v. Old Dominion Copper Mining & Smelting Co.*, 225 U.S. 111, 132 (1912). That principle, the Court said, was not altered by Rule 19; for this the Court cited the Advisory Committee Notes to the 1966 revision of that Rule, which stated that "a tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability." *Id.* (quoting Fed. R. Civ. P. 19, 1966 Advisory Comm. Notes). The Court stated that "[t]here is nothing in

5

Louisiana tort law to the contrary," *id.*, and it therefore ruled that the trial judge had abused his discretion in ordering joined as defendants parties whom the plaintiff, as in this case, had sued only in a state court action separate from his federal court action against a different party arising from the same occurrence.

Plaintiffs argue that this case is indistinguishable from *Temple* and that they, likewise, are not required to sue every party possibly liable for their injuries. But Illinois has enacted a departure from the usual rule of joint-and-several liability of joint tortfeasors. Amtrak contends that this distinguishes the case from *Temple* and makes joinder of the state court defendants appropriate under Rule 19(a).

In a jurisdiction in which joint tortfeasors are jointly as well as severally liable for the plaintiff's injuries, those tortfeasors whom the plaintiff elects not to sue are not "necessary" parties under Rule 19(a). The reason for this is that each tortfeasor is responsible for the entirety of the plaintiff's damages. *See, e.g., Flynn v. Hubbard*, 782 F.2d 1084, 1089 (1st Cir. 1986). If the particular alleged tortfeasor who is sued wants to protect itself against paying more than its "fair share" of the plaintiff's damages, it can do so (if permitted by the relevant jurisdiction's law) by making contribution claims against the other joint tortfeasors as third party claims under Rule 14. *See generally* 7 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure 3d §1623 at 371 (2001 & Supp. 2003).

But as noted earlier, Illinois has altered the common law rule of joint-and-several liability. By virtue of an Illinois statute enacted in 1994, all defendants found liable are jointly and severally liable for plaintiff's past and future medical expenses, but any defendant whose fault is determined to be less than 25% of the total fault attributable to the plaintiff, the

defendants sued by the plaintiff, and any third party defendant that the plaintiff could have sued in tort, is only severally liable for the plaintiff's other damages – i.e., it is liable only for its proportionate share. 735 ILCS 5/2-1117 (1994). The purpose of the Illinois legislature's alteration of the usual rule of joint-and-several liability was to establish that "minimally responsible defendants should not have to pay entire damage awards." *Unzicker v. Kraft Food Ingredients Corp.*, 203 Ill. 2d 64, 78, 793 N.E.2d 1024, 1033 (2003).

In short, Illinois does not follow in all situations the rule of joint-and-several liability that formed the underpinning of *Temple* and of the Advisory Committee's comments to Rule 19. Thus *Temple* does not necessarily govern this case, and the Court must determine independently whether the unnamed defendants are so situated that, in the words of Rule 19(a), the disposition of this case in their absence might "leave [Amtrak] subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations" by reason of the unnamed defendants' interests. Fed. R. Civ. P. 19(a).[1]

At argument on the present motion, Amtrak's counsel posed two scenarios that it said would subject Amtrak multiple or inconsistent obligations: a federal verdict of less than 25% liability, and a federal verdict of non-liability. To illustrate the first scenario, we simplify this to a single-plaintiff case and leave out of the mix Illinois Central, the state defendant not named by Amtrak as a third party defendant here. In Amtrak's first scenario, the plaintiff's claim against Amtrak alone goes to trial in this Court, together with Amtrak's third party contribution claims

---

[1] Amtrak also contends that plaintiff would not be able to obtain complete relief if joinder is not made, but the Court does not see that as a problem, and if it is a problem, then it is plaintiffs' problem, not Amtrak's. Amtrak also argues that the other potential defendants might be subjected to inconsistent obligations. The discussion that follows with respect to Amtrak's own purported risk along these lines applies equally to the other potential defendants.

7

against Birmingham, Melco and Stokes. The jury finds for the plaintiff and against Amtrak on liability, and awards the plaintiff $50,000 for medical expenses and $500,000 for other damages. The jury determines Amtrak to be only 20% at fault and each of the other defendants to be 25% or more at fault. In this scenario, due to section 2-1117, Amtrak is jointly liable for the $50,000 in medical expenses, but severally liable for only 20%, or $100,000, of the remaining $500,000. Amtrak pays the $150,000.

In this scenario, the plaintiff then moves to state court and proceeds with her claim against Birmingham, Melco and Stokes, which in turn have filed third party contribution claims against Amtrak in that court. Amtrak appears to be concerned that one of two things could happen in state court that supposedly would subject it to multiple liability, that is, liability for more than the $150,000 for which it was held liable in federal court. We address these in turn. First, Amtrak suggests, a state court jury could make a different allocation of the relative fault of the defendants and third party defendants – for example, finding Birmingham and Melco not at fault at all, and Stokes and Amtrak each 50% at fault. Assuming the same total damage award as in the federal case, this scenario, Amtrak argues, would permit Stokes to shift to Amtrak responsibility for at least $250,000 of the plaintiff's non-medical expense damages, even though Amtrak's responsibility for those damages had been limited to $100,000 in the federal case. The argument does not hold water. The relative allocation of fault among the state defendants and Amtrak determined in the federal case would be binding on the state defendants in the later-tried state court case; they could not ask for a greater percentage for Amtrak than the federal court jury had found after they litigated the issue. *See Timbrook v. Metgzeler Automotive Profile Systems Iowa, Inc.*, 209 F.R.D. 154, 158 (S.D. Iowa 2002) (addressing a similar scenario). Putting

Illinois Central back into the mix for the moment, Amtrak suggest that because Illinois Central is not a third party defendant in the federal case, it would not be bound by the federal jury's percentage allocation. But Amtrak has elected which parties to sue for contribution, and thus Amtrak, not plaintiffs, should be responsible for the consequences of that choice.

Second, Amtrak also argues that the plaintiff could get a bigger verdict in the state court than in federal court. If that happens, Amtrak argues, the allocations of percentage of fault made in the federal case, even if they are binding in the state litigation, might result in Amtrak having to pay more. But in this regard, as plaintiffs' counsel essentially conceded at oral argument on the motion to dismiss (and this would be the case even if they had not conceded it), each plaintiff will be bound by the determination of his or her damages that is made in the first trial, and will be barred from going to another court to get more money for the same injury. Each plaintiff's damages for medical expenses, pain and suffering, disfigurement, wrongful death, etc., are what they are; there is no indication that they depend on who the particular plaintiff happens to be suing. Thus once determined by a fact finder after full and fair litigation, the plaintiff will not be able to obtain more in later litigation involving the same occurrence. *See, e.g., Herriford v. Boyles*, 193 Ill. App. 3d 947, 954, 550 N.E.2d 654, 659 (1990) (earlier, fully and fairly litigated determination of injured party's damages precludes party from relitigating damages in later action.)

Amtrak's second scenario involves a finding of non-liability in this case. Amtrak expresses concern that it could nonetheless be held responsible to Birmingham, Melco, Stokes, or Illinois Central in state court for contribution if they, or any of them, are found liable in that

court.[2] Again, the Court disagrees. The predicate for imposition of liability under the Illinois Joint Tortfeasor Contribution Act is the contribution defendant's potential liability in tort to the plaintiff. 740 ILCS 100/2(a); *see Vroegh v. J&M Forklift*, 165 Ill. 2d 523, 528, 651 N.E.2d 121, 125 (1995). "If a defendant is not a tortfeasor *vis-a-vis* the original plaintiff, it cannot be a joint tortfeasor *vis-a-vis* a codefendant and may not be held liable to that codefendant for contribution." *Id.* at 529, 651 N.E.2d at 125. Though a contribution defendant's potential tort liability is determined as of the time of the injury, not the time when the contribution claim is brought, *id.*, if the putative contribution defendant is shown to have no liability to the plaintiff for some reason relating to the merits of the plaintiff's claim (as opposed to an affirmative defense or a procedural default by the plaintiff), then that party cannot be held liable for contribution. *See id.* at 530-31, 651 N.E.2d at 126; *see also, e.g., Thompson v. Walters*, 207 Ill. App. 3d 531, 565 N.E.2d 1385 (1991) (contribution not available from party whose liability to plaintiff was extinguished by statute of repose); *Esworthy v. Norfolk & Western Ry.*, 166 Ill. App. 3d 876, 520 N.E.2d 1044 (1988) (party that lacked duty of care to plaintiff could not be sued for contribution); *Northrup v. Allister Construction Co.*, 163 Ill. App. 3d 221, 516 N.E.2d 586 (1987) (party that met duty of care to plaintiff could not be sued for contribution). *See generally, Hayes v. Mercy Hospital & Medical Center*, 136 Ill. 2d 450, 457, 557 N.E.2d 873, 876 (1990) ("The action for contribution apportions the damages *among the parties responsible for the original plaintiff's injury*" (emphasis added)). In short, if Amtrak prevails in this court as against a particular plaintiff, there will be no basis upon which it can be held liable for contribution in

---

[2] We note as an aside that this purported risk is not a consequence of Illinois' modification to joint-and-several liability; it would exist even if Illinois had never adopted section 2-1117.

10

later state court litigation involving that same plaintiff.

For these reasons, we agree with Judge Lindberg's ruling that the addition of the state court defendants as third party defendants in this case (and as to Illinois Central, the fact that it can be added at Amtrak's option) effectively renders moot the need for joinder of the state court defendants as direct defendants in this case. The plaintiffs will be able to obtain from Amtrak whatever relief they prove they are entitled to obtain; the absence of the state court defendants as direct defendants here will impede neither their nor Amtrak's ability to protect their respective interests; and neither Amtrak nor the state court defendants will be subject to a substantial risk of double, multiple, or inconsistent obligations.

## Conclusion

For the reasons stated above, the Court denies defendant's motion to dismiss [docket # 51-1]. The order of September 19, 2002 is vacated to the extent it requires the joinder of additional defendants. Amtrak is granted leave to file, by October 24, 2003, an amended third party complaint adding Illinois Central as a contribution defendant. The ruling date of October 27, 2003 is vacated, and the case is set for a status hearing on October 30, 2003 at 9:30 a.m. to

address the structuring of exemplar trials for the previously set trial date of May 3, 2004.[3]

                                                                                               */s/ Matthew F. Kennelly*
                                                                                                MATTHEW F. KENNELLY
                                                                                                 United States District Judge

Date:   October 17, 2003

---

[3] Some reasonably modest number of the plaintiffs' claims, the specific number to be determined, will be tried on that date. As the Court has previously indicated, we intend to rank-order each of the plaintiffs' cases so that if those set for trial are settled, others will move in to take their place. The parties are directed to exchange and submit to chambers by October 27, 2003, charts reflecting relevant particulars as to each of the decedents and injured plaintiffs (nature of injury, age, marital status, employment status, etc.) so that the Court can, with the parties' input, make an informed determination regarding the rank-ordering of the cases. Together with the chart, each side should submit a brief memorandum in which it proposes and justifies a rank-ordering of the cases.