# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5808 | **DATE** | 6/18/2004 |
| **CASE TITLE** | Dowe vs. National Railroad | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth on the attached Memorandum Opinion and Order, the Court directs Amtrak's counsel to pay $6,140.00 into the registry of the Court, to be used to defray the jury expenses in this case; $25,238.86 to counsel for the plaintiffs; $875.00 to counsel for third party defendant Birmingham Steel Company.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required | | number of notices | |
| | Notices mailed by judge's staff. | | JUN 22 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 139 |
| | Mail AO 450 form | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| OR | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

Minute Order Form (06/97)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEBRA DOWE, Independent Administrator of the Estate of Sheena Dowe, Deceased, et al., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) Case No. 01 C 5808<br>) |
| NATIONAL RAILROAD PASSENGER CORP., d/b/a Amtrak, et al., | )<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

On May 26, 2004, the Court entered an order in which we found that defendant Amtrak's counsel violated 28 U.S.C. § 1927 and directed the payment of a monetary sanction consisting of the expenses incurred by the Court and plaintiffs' counsel as a result of the mistrial prompted by the actions of Amtrak's counsel. *Dowe v. Nat'l RR Passenger Corp.*, No. 01 C 5808, slip op. (N.D. Ill. May 26, 2004). The Court ruled that the fees of summoning the jury venire and the selected jurors would be assessed against counsel, and we ordered plaintiffs to file a statement of their proposed recoverable expenses. Several days later, the Court granted third party defendant Birmingham Steel Company leave to file its own statement of recoverable expenses. Both plaintiffs and Birmingham Steel have done so, and Amtrak has responded to their submissions as well as to the Court's proposed assessment of jury fees.

The Court rejects Amtrak's argument that sanctions under § 1927 are inappropriate on the grounds that its counsel supposedly did not intend to provoke a mistrial. First of all, this

139

argument has been forfeited. In its response to the rule to show cause that led to the imposition of sanctions, Amtrak did not argue that a finding of subjective intent was necessary under § 1927; to the contrary, it conceded that "objective" bad faith, consisting of "extremely negligent conduct, like reckless and indifferent conduct," was sufficient. Amtrak Resp. to Rule to Show Cause, p. 3. Second, even if Amtrak had not forfeited the point, the Seventh Circuit has quite clearly held that recklessness constituting objective bad faith – which is what this Court found in this case – is sufficient to permit sanctions under § 1927; subjective intent is not required. *See Dowe*, 01 C 5808, slip op. at 10 (citing cases). Third, even if subjective intent were required, the Court does not agree that it is lacking here. Rather, we determined that it was unnecessary to address the point in light of our finding that objective bad faith, as defined earlier, had been shown. The Court notes that if it were called upon to determine the question of counsel's subjective intent, we would not take at face value counsel's denial of subjective intent and would not be required to do so. But in view of the forfeiture of the point and its lack of legal merit, we need not consider the issue further at this time.

The Court also rejects Amtrak's contention that the proceedings were not, in fact "multiplied" within the meaning of § 1927, in light of the settlement of the case that occurred before the retrial commenced. Amtrak says that the parties had serious settlement negotiations before the first trial began and had plans to conduct further talks during the Friday of the week trial began, which was not a scheduled trial day. The following Monday, after the Court had declared a mistrial, the parties continued their discussions and reached agreement later that week. *See* Affid. of Brian J. Fitzpatrick ¶¶ 4, 6. According to Amtrak, because the case was settled, it did not have to be retried, and thus no excess expenses were incurred because of its counsel's

conduct.

Though the settlement obviated the need for the Court and the other parties to incur for a second time the expenses in question, it did nothing to undo the fact that these expenses had been wasted. To put it another way, the expenses incurred in the first several days of the aborted trial remain on the debit side of the ledger for the Court, the plaintiffs, and Birmingham even after the settlement. Moreover, the proceedings were without question "multiplied" by the conduct of Amtrak's counsel within the meaning of § 1927: the several days of jury selection and trial that had taken place were rendered a nullity; administrative and logistical preparations (including the anticipated need to summon extra jurors) had to be made for the anticipated retrial; and the parties had to take steps to reconfirm their own and their witnesses' availability for the period that the retrial was expected to cover. In short, the settlement does not make the imposition of sanctions under § 1927 inappropriate in this case.[1]

We therefore turn to the expenses claimed by the plaintiffs and Birmingham, keeping in mind § 1927's requirement of reasonableness and the principle that a sanction should be tailored to fit the particular wrong. *See, e.g., Thomas v. Capital Security Services,* 836 F.2d 866, 877 (5th Cir. 1988). Plaintiffs seek to recover approximately $18,500 that they paid to an audio-visual consulting firm hired to assist with the courtroom presentation of exhibits at trial. The Court agrees with defendant that the portion of these fees that represented pretrial preparation work was not wasted, as that work would have equally benefitted plaintiffs at a retrial if one had occurred. But it does not appear that plaintiffs seek to recover for pretrial expenses; instead they appear to

---

[1] Were the Court to conclude otherwise, of course, we would then have to proceed to determine whether sanctions were appropriate under the Court's inherent authority, another point that we did not have to determine in light of the finding of a violation of § 1927.

3

have limited their request to those reflected on an invoice that says it was for "services and rentals May 1-7, 2004" – Saturday, May 1 having been the date on which the firm's personnel traveled to Chicago in order to be ready to begin on Monday, May 3, and May 7 evidently having been the date of their return travel. These expenses, which include only travel and lodging expenses, charges for equipment rental, and charges for personnel time, total $18,421.32. The Court finds that they are reasonable in light of the large amount of evidence, including photographs and videos, that were to be presented at trial. As such, these expenses are properly recoverable under § 1927.

The Court denies plaintiffs' request to recover approximately $10,500 representing the fees of a jury consulting firm that reviewed the written questionnaires completed by the jurors and was present during jury selection. Though this expense was "wasted" due to the mistrial, its necessity and reasonableness are questionable in this particular case. The Court believes that imposition of this expense would over-penalize counsel's misconduct, even were we to find that misconduct intentional.

The Court agrees with Amtrak that the personnel cost of legal assistants and law clerks who were involved in the trial proceedings is part of what ordinarily would be considered normal overhead of a law firm and thus is not compensable as an expense under § 1927.

The appearance fees paid to witnesses likewise are not recoverable. The witnesses' trial subpoenas were continued by court order following the mistrial. Because none of the witnesses in question appear to have traveled to Chicago, additional fees would not have to be tendered to them had the retrial proceeded as scheduled. By contrast, the expense incurred in lodging Aubrey Fosburgh, a witness who came to Chicago to testify, is recoverable, a total of $326.08.

The Court finds that the expenses and fees of plaintiffs' expert witness Richard Beall associated with his travel to Chicago and appearance at trial, a total of $5,593.86, are reasonable and properly recoverable. The same is true of the $897.60 representing plaintiffs' share of the costs of the trial transcript. (Amtrak made no specific objection to the expenses involving Beall and the transcript.) The total amount to be paid to plaintiffs is therefore $25,238.86.

Birmingham's claim of recoverable expenses includes $875.00 for the outside personnel who were present at trial to assist in electronic display of evidence. This is properly recoverable for the reasons previously described with regard to the plaintiffs' claim. The Court agrees with Amtrak that the remaining amount sought by Birmingham, $2,300 for appearance and travel fees paid to prospective trial witnesses, is not recoverable. As noted earlier, the subpoenas were continued to the retrial, and there is no indication that any of these witnesses actually had to travel to Chicago such that they would have had to be resummoned (Birmingham's witnesses would not have been called, in all likelihood, until the second or third week of trial).

Finally, in a footnote in its memorandum, Amtrak objects to inclusion of the fees of the jury. It notes, without elaboration, that "a number of courts have held that sanctions covering jury fees may not, under any circumstances, be awarded under section 1927, because it is a court cost." Amtrak Mem., p. 5, n. 3. Three of the cases Amtrak cites rely exclusively on *Roadway Express, Inc. v. Piper*, 447 U.S. 752 (1980), for this conclusion; the fourth is a pre-*Roadway Express* case that reaches the same conclusion as that case. *See Boettcher v. Hartford Ins. Group*, 927 F.2d 23, 25-26 (1st Cir. 1991); *Eash v. Riggins Trucking, Inc.*, 757 F.2d 557, 560 (3d Cir. 1985); *United States v. Austin*, 749 F.2d 1407, 1409 (9th Cir. 1984); *United States v. Ross*, 535 F.2d 346, 347 (6th Cir.1976) (pre-*Roadway Express*). In *Roadway Express*, the Supreme

5

Court considered the scope of § 1927, which at the time read as follows:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case as to increase costs unreasonably and vexatiously may be required by the court to satisfy personally such *excess costs*.

Former 28 U.S.C. § 1927 (emphasis added). The Court held that the term "costs" as used in § 1927 had to be read *in pari materia* with the term "costs" in 28 U.S.C. § 1920, the statute that identifies the costs that may be taxed in favor of the prevailing party in a case, largely because the two provisions and their predecessors were adopted as part of a single statute. *Roadway Express*, 447 U.S. at 759-61. For this reason, the Court held, only those "costs" that may be taxed under § 1920 may be included in a sanction under § 1927. Because jury fees are not a cost identified in § 1920, the courts in *Boettcher, Eash,* and *Austin* determined, they may not be part of a § 1927 sanction. *Boettcher*, 927 F.2d at 25; *Eash*, 757 F.2d at 560; *Austin*, 749 F.2d 1409; *see also, Ross*, 535 F.2d at 350 ("costs" under § 1927 limited to taxable costs). *Accord, 1507 Corp. v. Henderson*, 447 F.2d 540, 542 (7th Cir. 1971).

Neither Amtrak nor any of the post-*Roadway Express* decisions it cites account for the fact that Congress expanded the breadth of § 1927 after the *Roadway Express* decision.[2] In 1980, § 1927 was amended to its current form, which reads as follows:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the *excess costs, expenses, and attorney's fees reasonably incurred because of such conduct*.

28 U.S.C. § 1927 (emphasis added). In short, a sanction under § 1927 is no longer limited to

---

[2] *Eash* mentions the post-*Roadway Express* amendment in a footnote, but only to indicate that the statute was amended to permit the taxing of attorney's fees. *Eash*, 757 F.2d at 559, n.3.

6

"costs"; it may also include "expenses" and "attorney's fees." Although the term "costs," which was not changed by the post-*Roadway Express* amendment, presumably maintains the same meaning identified by the Supreme Court, there is no basis to interpret the term "expenses" so narrowly. In short, even if jury fees are not a recoverable "cost" under §1927 because they are not a taxable cost under § 1920, they certainly can be an "expense" that may be included in a sanction under § 1927.

## Conclusion

For the reasons stated above, the Court directs Amtrak's counsel to pay $6,140.00 into the registry of the Court, to be used to defray the jury expenses in this case; $25,238.86 to counsel for the plaintiffs; $875.00 to counsel for third party defendant Birmingham Steel Company.

MATTHEW F. KENNELLY
United States District Judge

Date: June 18, 2004

7